In Re: Bentleyville Plaza, Inc., 611 Sinclair Avenue, McKeesport, Pa. 15131, Concerning Certain Premises in Somerset Township, Washington County, Penna., Known as A. A. Book Store. Commonwealth *v.* Bentleyville Plaza, Inc., Appellant.

Argued May 5, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*David M. Priselac,* for appellant.

*John J. Kennedy, Jr.,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, October 23, 1978:

The Bentleyville Plaza, Inc. (appellant) appeals here from two orders of the Court of Common Pleas of Washington County. The first order, in the criminal division of the court below, affirmed a summary conviction of the appellant by a justice of the peace based upon alleged violations of the Fire and Panic Act[1] (Act) and regulations thereunder. The second order was in the civil division of the court below and directed the closing of a building owned by the appellant, citing the aforesaid summary conviction.

---

[1] Act of April 27, 1927, P.L. 465, *as amended,* 35 P.S. §1221 et seq.

The appellant is a Pennsylvania corporation, and the building in question is being leased and used as an adult book store, known as the "A. A. Book Store." The State Department of Labor and Industry, acting through its Bureau of Occupational and Industrial Safety, advised the appellant by letter in April of 1977 that the building had been reclassified as a place of assembly, *i.e.* as a movie theatre. The letter also indicated that a field inspection of the premises showed eight violations of the Act, and the appellant was directed to correct these violations by June 21, 1977. On June 10, 1977, however, eleven days prior to the abatement date, the Department filed a criminal complaint with the local justice of the peace citing the appellant's alleged violations of the Act. A hearing on this matter before the justice of the peace was scheduled for July 6, 1977 but was continued to August 8, 1977, at the Department's request and over the appellant's objections. Following the hearing, the justice of the peace found the appellant guilty of four of eight alleged violations and ordered that the premises be closed pending compliance with the Act and the relevant regulations. The appellant appealed this determination to the lower court on August 11, but that same day the Department, without notice to the appellant or its counsel, presented itself before the lower court and obtained an order that the Sheriff close the premises. The appellant's counsel immediately filed a motion to vacate the order and requested a hearing before the lower court. Following such hearing, the lower court denied the motion to vacate its order, affirmed the finding of four violations, and denied supersedeas pending appeal. Upon appeal to this Court, however, a supersedeas was granted setting aside the order closing the premises on the condition that the movie booths within the building remain closed.

The appellant argues that both orders of the court below should be vacated because the Department improperly brought proceedings before both the justice of the peace and the lower court without allowing time for the appellant to correct the alleged violations and without following its own administrative procedures.

Section 12 of the Act provides that, when the Department issues an order to an owner of a building to comply with the provisions of the Act or its implementary rules and regulations promulgated thereunder, and when the owner fails to comply within the time specified, the Department is authorized to order the building to be placed out of service.[2] Section 13 of the Act provides that prosecutions for failure to observe an order and to secure its enforcement may be in the form of summary criminal proceedings instituted before a justice of the peace.[3] The procedures to be fol-

---

[2] Section 12 of the Act provides as follows:

§1232. Failure to comply with act

Whenever the owner of any building or structure, as described in this act, shall fail to comply with the provisions of this act, or the rules and regulations of the Department of Labor and Industry formulated under the authority of this act, and upon whom a written order shall have been served by the Department of Labor and Industry to comply with the said provisions of this act and the rules and regulations of the Department of Labor and Industry, and who nevertheless shall have failed to comply with the said written order within the time specified in the same, the Department of Labor and Industry shall be authorized to immediately order the building or structure to be vacated or placed out of service until such time as the requirements of this act and the rules and regulations of the Department of Labor and Industry shall have been fully complied with. 35 P.S. §1232.

[3] Section 13 of the Act provides as follows:

§1233. Prosecutions; penalty

Any person who shall violate any of the provisions of this act, or the rules and regulations of the Department of

lowed, however, which must be applicable to *all* pro-ceedings for the enforcement of the Act, are established by the regulations promulgated by the Department, and these procedures include a notice of viola-

---

Labor and Industry, or *who shall fail or refuse to observe orders for the enforcement of the said provisions or rules and regulations issued by duly authorized officers* of the Department of Labor and Industry, or who shall hinder or delay or interfere with any officer charged with the enforcement of this act in the performance of his duty, shall, upon conviction thereof, be punished by a fine of not more than three hundred dollars ($300.00) and costs, or not more than three (3) months imprisonment in the county jail, or either, or both, in the discretion of the court.

Any person who shall fail or refuse to vacate a building or portion of a building, or who shall fail to cease work in the erecting, remodeling, adapting or altering of a building, or who shall fail to vacate or place out of service any structure, after due notice having been served upon him by an officer of the Department of Labor and Industry and proper notice having been placed upon the building or structure by such officer, shall be liable for a penalty of ten dollars ($10) a day for each day he shall have so failed or refused to vacate, cease work on, or place out of service the building, portion of building or structure upon which such notice has been placed, the said penalty to be collectible in the same manner as any fine payable to the Commonwealth.

*Prosecutions for violations* of this act, or the rules and regulations of the Department of Labor and Industry, may be instituted by the Secretary of Labor and Industry, or under his directions by any authorized representative of the said department, or by duly appointed chiefs of fire departments for violations of the portions of this act, they are especially called upon by this act to enforce, and *shall be in the form of summary criminal proceedings instituted before* a magistrate, alderman, or *justice of the peace.* Upon conviction after a hearing, the sentences provided in this act shall be imposed, and shall be final unless an appeal be taken in the manner prescribed by law. (Emphasis added.)

35 P.S. §1233.

tion and an order to correct, a finding by the Department of compliance or noncompliance, an order to show cause why the building should not be closed which includes a provision for an answer by the owner within 15 days, a hearing, a decision by the Industrial Board and finally, the enforcement of, and appeals from, such final orders of the Department and Board.[4] Here, however, these procedures were not followed. As previously indicated, the regulations provide that the procedures required must be applicable to *all* enforcement proceedings. 34 Pa. Code §37.701. And, of course, administrative agencies are bound equally with others by their own regulations which have the force and effect of law. *Herdelin v. Greenberg,* 16 Pa. Commonwealth Ct. 405, 328 A.2d 552 (1974) ; *Good v. Wohlgemuth,* 15 Pa. Commonwealth Ct. 524, 327 A.2d 397 (1974). Moreover, the law is clear that no administrative powers can be exercised outside the legislative limits. *Elias v. Environmental Hearing Board,* 10 Pa. Commonwealth Ct. 489, 312 A.2d 486 (1973). We believe, therefore, that the Department had no legal authority here to institute summary criminal proceedings when there was no final order to enforce, nor could it prematurely proceed to the court below to secure an order closing the building before the time previously set for compliance with the law and regulations. Moreover, the doctrine of primary jurisdiction is applicable here, which requires judicial abstention in cases within the jurisdiction of administrative agencies prior to a final decision by the agency. The integrity of a regulatory pattern requires preliminary resort to the agency which administers the regulations concerned before intervention of the judiciary is proper. *United States*

---

[4] The procedures to be followed by the Department of Labor and Industry are established by the regulations as set forth in 34 Pa. Code §37.701 et seq.

*v. Philadelphia National Bank,* 374 U.S. 321 (1963). *See Department of Environmental Resources v. Bethlehem Steel Corporation,* 469 Pa. 578, 367 A.2d 222 (1976); *Borough of Baldwin v. Department of Environmental Resources,* 16 Pa. Commonwealth Ct. 545, 330 A.2d 589 (1974). *See also Padget v. Stein,* 406 F. Supp. 287 (M.D. Pa. 1975); *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976).

The orders of the civil and criminal divisions of the court below must therefore be respectively reversed and vacated.

ORDER

AND Now, this 23rd day of October, 1978, the order of the Court of Common Pleas of Washington County docketed at No. 145 August Term, 1977, Civil Division is hereby reversed and the order of the same Court docketed at No. 751 of 1977, Criminal Division is hereby vacated.