In Re: Appeal of Ken W. Hoge to an Order To Vacate Premises Entered by the Department of Labor and Industry.

Submitted on briefs, November 16, 1979, to Judges Mencer, DiSalle and Craig, sitting as a panel of three.

*C. Donald Gates, Jr.,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 22, 1980:

This petition for review has been filed by petitioner Hoge (owner) as an appeal from an order of the Department of Labor and Industry (DLI) requiring the owner to vacate and place out of service his commercial building in the Town of McCandless, Allegheny County, Pennsylvania because of alleged violations of the Fire and Panic Act, Act of April 27, 1927, P.L. 465, *as amended,* 35 P.S. §1221 et seq., violations cited by DLI in an earlier notice. The authority to require vacation of the premises is found in Section 12 of the Fire and Panic Act, 35 P.S. §1232.

In a brief submitted without oral argument, the owner has argued only that (1) the condition of the building is not in violation of the cited regulations under the Fire and Panic Act, and (2) the original notice of violations failed to lay a basis for building vacation because it did not identify those violations which "constitute an imminent threat of harm," in the language of 34 Pa. Code §37.703.

DLI has responded with a motion to dismiss the petition on the ground that the owner, having not appealed the vacation order to the Industrial Board, has failed to exhaust his administrative remedy. *Delaware Valley Convalescent Center, Inc. v. Beal,* 34 Pa. Commonwealth Ct. 177, 382 A.2d 1290 (1978).

We agree with DLI, although not on the basis of the authority cited in DLI's brief. The governing procedure here is clearly prescribed in 34 Pa. Code

§§37.701-37.710, regulations which DLI has been expressly empowered to promulgate by Section 1 of the Fire and Panic Act, 35 P.S. §1221. We have held that those regulations bind the department and others. *See In Re: Bentleyville Plaza, Inc.,* 38 Pa. Commonwealth Ct. 235, 392 A.2d 899 (1978).

Those regulations prescribe the procedure for enforcement in a case of this nature. First, they call for issuance of a notice of alleged violations, under the above-cited section 34 Pa. Code §37.703. In a fair reading of that regulation, we find that its essential requirement is an identification of the violations, but that an express recitation of the "imminent threat of harm" language is not required. A notice of violations was issued here.

The next step, if there is no compliance with the notice, is the issuance of an order to show cause under 34 Pa. Code §37.704 and 1 Pa. Code §35.14. That was done.

Under 34 Pa. Code §37.705, an answer to the order to show cause is to be filed with the Secretary of the Industrial Board; the regulation indicates that an answer institutes an appeal to that board. The owner here filed no answer, but we must note that the order to show cause does not clearly advise that an answer is to be filed; instead it uses "Rule returnable" legal jargon and does not mention appeal to the Industrial Board.

Under 34 Pa. Code §37.706, if there is a failure to file an answer, as in this case, DLI may then issue the vacation order under Section 12 of the Fire and Panic Act, which DLI did.

Clearly the administrative remedy here is by way of answer to the order to show cause placing the matter before the Industrial Board, as noted above, to decide upon the existence of a violation and, if re-

quested, upon the grant of a variance. *See Horst v. Department of Labor and Industry,* 44 Pa. Commonwealth Ct. 218, 403 A.2d 218 (1979).

However, we cannot agree with the assertion of DLI that the owner here was properly advised in any way of the availability of that Industrial Board remedy. The order to show cause, with its reference to ''Rule returnable'' over the signature of the Secretary of Labor and Industry, and its lack of reference to appeal, is misleading in that it does not follow the sense of the regulation which calls for an ''answer'' initiating an appeal.

DLI's brief claims that the original notice of violation provided information about the Industrial Board appeal procedure, but that notification does not mention appeals from violation charges (i.e., when the defense is that the requirement was not applicable or has not been violated) but refers primarily to ''a hearing on the reasonableness of such rules'', a function pertinent to the rule-making role of the Industrial Board under Section 15 of the Act of June 2, 1913, P.L. 396, *as amended,* 71 P.S. §1444; thus that notice refers to review of the content of regulations as a general matter, not to adjudication of specific violation charges.

DLI should revise the form of notice of violation and form of order to show cause, so that they recite or clearly summarize the applicable Industrial Board appeal procedure, embraced in 34 Pa. Code §§37.703-37.710.

Although the owner has not followed the proper procedure, the inadequacies of DLI's present violation notice and show-cause order form prompt us, not to dismiss the petition, but, because this proceeding has been captioned as an appeal from the Department of Labor and Industry, to remand it to that department and in particular to the Industrial Board, for

hearing and consideration under 34 Pa. Code §§37.703-37.710.

## ORDER

AND Now, this 22nd day of January, 1980, these proceedings are hereby remanded to the Department of Labor and Industry of the Commonwealth of Pennsylvania and in particular to the Industrial Board for consideration under 34 Pa. Code §§34.705-37.708, provided that petitioner, within fifteen (15) days following the date of this order, shall file with the Secretary of the Industrial Board a written notice of petitioner's intention to proceed with such administrative appeal; if petitioner fails to file such a notice of intention within the time herein prescribed, the Department of Labor and Industry is hereby authorized to proceed with further enforcement action according to law and regulations.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.