584 A.2d 384

**ST. CLAIR AREA SCHOOL DISTRICT, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1990.

Decided Dec. 11, 1990.

James J. Riley, Pottsville, with him, Stephen P. Ellwood, Schuylkill Haven, for petitioner.

Beth Ann Krusen, Asst. Counsel, with her, Mary Patricia Fullerton, Asst. Counsel, and Jeffrey F. Champagne, Chief Counsel, for respondent.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

St. Clair School District appeals an order of the Department of Education dismissing the district's appeal from a determination of the department's Office of Advisory Services that withdrew the department's approval of the district's request to curtail its high school or secondary school program.

In November of 1984 the Department of Labor and Industry (L & I) informed the district that one of the district's two school buildings was in need of complete renovation. In October of 1987 L & I ordered the district to vacate that building within 30 days; however, L & I extended the date to March 31, 1989.

At a school board meeting on February 28, 1989, the district unilaterally resolved to "tuition-out" its high school students to neighboring Pottsville High School. The district entered into a tuitioning-out agreement with Pottsville, under which all of St. Clair's secondary school students would attend Pottsville beginning in the 1989–90 school year.

The district then demoted or furloughed its secondary school professional employees. Those employees filed unfair labor practice charges against the district with the Pennsylvania Labor Relations Board.[1]

Concurrent with the ongoing labor dispute, the district, by letter dated August 15, 1989, sought the department's approval to curtail its secondary school program.

The department's approval of the district's proposed curtailment would permit the district to suspend its secondary school professional employees under Section 1124(2) of the Public School Code of 1949,[2] which provides that any board of school directors may suspend the number of professional employees necessary, as a result of a substantial decline in enrollment.

By letter dated August 16, 1989, Joseph Bard, then acting chief of the department's Division of Advisory Services, approved the program curtailment request. The district then rescinded the tuitioning-out agreement which had triggered the labor dispute, reinstated its furloughed and demoted secondary school professional employees, and then immediately furloughed those employees again, based upon the department's approval of the district's curtailment request.

On August 31, 1989, Bard reversed his decision and advised the district that the department was withdrawing its approval of the program curtailment.

1. In that related proceeding, the board determined that the district engaged in an unfair labor practice by failing to engage in collective bargaining before furloughing and demoting the employees. The district appealed that decision to this court. *St. Clair Area Education Association v. St. Clair Area School District,* No. 1085 C.D.1990.

2. Act of March 10, 1949, P.L. 1124, *as amended,* 24 P.S. § 11–1124.

On October 2, 1989, the department received the district's appeal of the department's decision to withdraw approval of the secondary school program curtailment. On November 6, 1989, the department dismissed the district's appeal as untimely. On December 6, 1989, the district petitioned this court for review of that determination. The department filed a motion to quash on February 1, 1990, which this court denied on March 15, 1990. The department then filed a motion to dismiss for failure to file a brief, which this court denied on April 17, 1990.

The district appeals from the department's decision dismissing the district's appeal of the department's withdrawal of curtailment approval.

The district contends that its appeal of Bard's decision was not untimely, and asserts that Bard's recission of his approval (1) is void; (2) was not an adjudication from which an appeal could be taken; and (3) was made without affording the district an opportunity to be heard. The department responds that the district's appeal was properly dismissed as untimely because the district filed its appeal twenty days beyond the applicable ten day appeal period.

The General Rules of Administrative Practice and Procedure, (General Rules), 1 Pa.Code § 31.1–35.251, apply to agency proceedings unless a statute sets forth different rules on the same subject, or unless the agency itself has promulgated inconsistent rules. 1 Pa.Code § 31.1. With respect to the department's action in this case, there are no statutory or procedural provisions that preempt the application of the General Rules.

■ The General Rules define a subordinate officer as a presiding officer or other officer or employee of the agency, but not including the agency head. 1 Pa.Code § 31.3. Hence, Bard, as an officer who is not the head of the agency, is a subordinate officer in the department. The rules provide that a party must appeal any action taken by a subordinate officer to the agency head within 10 days after service of notice of the action. 1 Pa.Code § 35.20.

Because Bard revoked his approval of the district's request for program curtailment by a letter dated August 31, 1990, the district's appeal of that determination, dated September 28, 1990, was untimely. Hence, the department lacked jurisdiction to consider the appeal.

■ The district also asserts that it detrimentally relied upon the department's curtailment approval, and hence, the department is estopped from withdrawing its approval of the program curtailment.

As indicated in the discussion above, the department lacked jurisdiction to consider the appeal. Accordingly, this court, because of the lack of a jurisdictional basis for the appeal, is unable to consider any issues relating to the merits of the appeal. Therefore, we will not address the district's estoppel argument.

Accordingly, we affirm the decision of the department.

### ORDER

Now, December 11, 1990, the determination of the Department of Education, Office of Advisory Services, dated August 31, 1989, is affirmed.